UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONICA HOPKINS,   U.S. District Court No. 2:14-CV-13482

       Plaintiff,   Honorable Victoria A. Roberts

v.   Magistrate Judge David R. Grand

FORD MOTOR COMPANY,

       Defendant.
_____

| ROMANO LAW, PLLC | KIENBAUM OPPERWALL HARDY |
|---|---|
| By: Eric Stempien (P58703) |   & PELTON, P.L.C. |
| Attorney for Plaintiff | By:  Elizabeth Hardy (P37426) |
| 23880 Woodward Avenue |      Thomas J. Davis (P78626) |
| Pleasant Ridge, MI 48069 | Attorneys for Defendant |
| (248) 750-0270 | 280 N. Old Woodward Avenue |
| estempien@romanolawpllc.com | Suite 400 |
| | Birmingham, MI 48009 |
| | (248) 645-0000 |
| | ehardy@kohp.com |
| | tdavis@kohp.com |

_____/

**AMENDED MOTION TO COMPEL PLAINTIFF TO PRODUCE
INTERROGATORY RESPONSES AND TO SUPPLEMENT RESPONSES
TO REQUESTS FOR PRODUCTION**

Defendant Ford Motor Company ("Ford"), by and through its attorneys, Kienbaum Opperwall Hardy & Pelton, P.L.C., hereby moves pursuant to Fed. R. Civ. P. 37(a)(3) to compel Plaintiff Monica Hopkins to produce (1) responses to Ford's First Set of Interrogatories; and (2) supplemental responses to Ford's First Set of Requests for Production of Documents.

In support of its motion, Ford states as follows:

1. Ford served requests for production on December 12, 2014. Plaintiff did not respond to certain requests, and provided incomplete responses to other requests. Ford informed Plaintiff of these deficiencies, but other than a limited, incomplete supplementation on March 20, 2015, Plaintiff has not addressed them.

2. Ford served interrogatories upon Plaintiff on February 13, 2015, and responses were due March 18, 2015. Plaintiff has not responded to the interrogatories, despite Ford's requests to address the deficiency.

3. For the reasons set forth in the accompanying brief, the Court should compel Plaintiff to supplement her responses to Ford's requests for production and respond to Ford's interrogatories. The Court should likewise award the costs and fees associated with the filing of this motion.

4. Ford has attempted to resolve this matter without the Court's intervention, including sending Plaintiff's counsel written notice that Ford would file a motion to compel if no responses were forthcoming. Despite Ford's attempts

to consult with Plaintiff regarding the deficient productions, Plaintiff's counsel has not responded as of the filing of this motion. Ford has thus been unable to conduct a conference, necessitating the filing of this motion.

WHEREFORE, Ford requests that the Court grant the motion to compel and award costs and fees under Rule 37(a)(5)(A).

KIENBAUM OPPERWALL
 HARDY & PELTON, P.L.C.

By: */s/Thomas J. Davis*
    Elizabeth P. Hardy (P37426)
    Thomas J. Davis (P78626)
Attorneys for Defendant
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@kohp.com
tdavis@kohp.com

Dated: March 31, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MONICA HOPKINS, | U.S. District Court No. 2:14-CV-13482 |
| Plaintiff, | Honorable Victoria A. Roberts |
| v. | Magistrate Judge David R. Grand |
| FORD MOTOR COMPANY, | |
| Defendant. | |

_____

| | |
|---|---|
| ROMANO LAW, PLLC | KIENBAUM OPPERWALL HARDY |
| By: Eric Stempien (P58703) | & PELTON, P.L.C. |
| Attorney for Plaintiff | By: Elizabeth Hardy (P37426) |
| 23880 Woodward Avenue | Thomas J. Davis (P78626) |
| Pleasant Ridge, MI 48069 | Attorneys for Defendant |
| (248) 750-0270 | 280 N. Old Woodward Avenue |
| estempien@romanolawpllc.com | Suite 400 |
| | Birmingham, MI 48009 |
| | (248) 645-0000 |
| | ehardy@kohp.com |
| | tdavis@kohp.com |

_____/

**AMENDED BRIEF IN SUPPORT OF MOTION TO COMPEL PLAINTIFF
TO PRODUCE INTERROGATORY RESPONSES AND TO SUPPLEMENT
RESPONSES TO REQUESTS FOR PRODUCTION**

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Should the Court grant Ford's motion to compel responses to its interrogatories and requests for production?

2. Should the Court award Ford its costs and fees incurred in filing this motion under Fed. R. Civ. P. 37(a)(5)(A)?

-ii-

# CONTROLLING OR MOST APPROPRIATE AUTHORITIES

Federal Rule of Civil Procedure 26(e)

Federal Rule of Civil Procedure 33

Federal Rule of Civil Procedure 34

Federal Rule of Civil Procedure 37

## TABLE OF CONTENTS

CONCISE STATEMENT OF ISSUES PRESENTED ................................................ i

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ............................ ii

TABLE OF AUTHORITIES ................................................................................. iii

INTRODUCTION .................................................................................................... 1

BACKGROUND ...................................................................................................... 1

ARGUMENT ............................................................................................................ 3

CONCLUSION ......................................................................................................... 4

-iv-

# TABLE OF AUTHORITIES

**RULES**

Federal Rule of Civil Procedure 26 .........................................................................3

Federal Rule of Civil Procedure 33 .........................................................................3

Federal Rule of Civil Procedure 34 .........................................................................3

Federal Rule of Civil Procedure 37 ..................................................................3, 4

## INTRODUCTION

Plaintiff Monica Hopkins has failed to comply with basic discovery obligations in this matter, including her obligation to respond to interrogatories and to timely supplement discovery responses. Defendant Ford Motor Company ("Ford") thus moves to compel responses.

## BACKGROUND

This case involves Plaintiff's allegations of failure to accommodate and disability discrimination under the Americans with Disabilities Act. Ford served requests for production on Plaintiff in December 2014. Among other things, Ford requested Plaintiff's medical records—including signed, notarized privacy waivers so that Ford could receive complete records directly from the providers. (Ex. A ¶ 16.) Ford also requested information related to damages and mitigation of damages—including W-2 tax forms and records related to Plaintiff's attempts to obtain employment after she left Ford. (*Id.* at ¶¶ 18, 20.)

Plaintiff did not initially provide any tax or job-search records. (*See* Ex. B, Pl's Dep. at 41-44.) She provided some medical records and notarized waivers; however, Ford later learned that these responses were not complete. For instance, Plaintiff has received treatment from at least three additional medical providers around the time of her employment with Ford (where she alleges she had an on-the-job injury), yet she has not provided the medical records and notarized releases

for those providers. (*See* Ex. B at 116, 128; Ex. C.) Plaintiff also stated at her deposition that she received instructions from Ford's in-house medical department regarding back pain, and that she would look for these documents (Ex. B at 146-47); however, no such documents were provided in discovery. Starting February 13, 2015, Ford requested that Plaintiff supplement her RFP responses; however, apart from a limited production of joint tax returns that do not break out Plaintiff's individual income, Plaintiff has not provided the medical records, releases, or tax information requested.[1] (*See* Ex. D.)

On February 13, 2015, Ford served Plaintiff with its First Set of Interrogatories.[2] (Ex. E.) The responses were due March 18, 2015, but Plaintiff did not provide responses. Ford notified Plaintiff of this deficiency on March 20, 2015 and again on March 25, 2015; however, Plaintiff's counsel has not responded to Ford's inquiries regarding the missing interrogatory responses. (*See* Ex. D.)

On Wednesday, March 25, 2015, Ford sent an email to Plaintiff's counsel outlining the deficiencies in Plaintiff's document production and the failure to respond to its interrogatory requests. (*See id.*) Ford indicated that if it did not have

---

[1] Counsel stated that Plaintiff did not have medical records but would sign the medical releases (Ex. D); however, no such releases have been provided to Ford.

[2] Among other things, the interrogatory asked Plaintiff to identify all prospective employers with whom she sought employment (Ex. E ¶ 6.) As noted, Plaintiff's RFPs also sought such information, but Plaintiff had not even searched for responsive documents. (Ex. A; Ex. B at 41.)

-2-

the discovery responses by Friday, March 27, 2015, that it would file a motion to compel. (*Id.*) Plaintiff's counsel has not responded.

## ARGUMENT

Under Fed. R. Civ. P. 33 and 34, discovery responses must be provided within 30 days of a request, and Rule 26(e) provides that a party has an ongoing duty to supplement discovery responses that are incomplete or incorrect. Rule 37(a)(3)(B) permits a party to move for an order compelling a discovery response under Rule 33 or Rule 34, and Rule 37(a)(5)(A) provides for costs and fees to the moving party if a motion to compel is granted or discovery is provided in response to a motion to compel.

The Court should compel Plaintiff to respond to Ford's interrogatories and requests for supplementation of her document requests. Ford has made several good-faith efforts to obtain the discovery without the Court's assistance, yet Plaintiff has failed to timely provide the discovery responses. Specifically, the following responses should be compelled:

1. Responses to *all* of Ford's interrogatories—and the documents related to job searches that are to be discussed in the interrogatories and that were requested in RFP 20.
2. A signed, notarized HIPAA waiver directed to Dr. Jeff Pierce.
3. A signed, notarized HIPAA waiver directed to Plaintiff's chiropractor.
4. A signed, notarized HIPAA waiver directed to General Motors.

5. Instruction sheets or other documentation provided by Ford medical regarding back exercises or other back treatment that Plaintiff identified at her deposition.

The Court should also grant Ford its costs and fees incurred as a result of having to file this motion under Fed. R. Civ. P. 37(a)(5)(A).

## CONCLUSION

The Court should grant Ford's Motion to Compel and award costs and fees as described above.

Respectfully submitted,

KIENBAUM OPPERWALL
 HARDY & PELTON, P.L.C.

By: */s/Thomas J. Davis*
    Elizabeth P. Hardy (P37426)
    Thomas J. Davis (P78626)
Attorneys for Defendant
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@kohp.com
Dated: March 31, 2015    tdavis@kohp.com

## CERTIFICATE OF SERVICE

      I hereby certify that on March 31, 2015, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record and I hereby certify that I have caused to be served via U.S. mail the foregoing document to the following non-ECF participants:

    (no manual recipients)

*/s/Thomas J. Davis*
280 North Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009
(248) 645-0000
Email:  tdavis@kohp.com
(P78626)